**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HARRY SANDS, JR.,                                    CIVIL ACTION

      Plaintiff,                                        No.

      v.

DICK'S SPORTING GOODS, INC.,

      Defendant.                                    JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Harry Sands, by undersigned counsel files this Civil Complaint and in support

alleges the following.

### I. Jurisdiction

1.     The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans

with Disabilities Act, 42 U.S.C. § 12117(a), incorporating by reference Section 706 of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; 28 U.S.C. §§ 1331 and 1343(a).

2.     Plaintiff has satisfied all the procedural and administrative requirements set forth in

Americans with Disabilities Act (ADA) , in that:

     a.     Plaintiff filed a timely written charge of disability discrimination with the Equal Opportunity Employment Commission on February 4, 2016 and cross filed with the Pennsylvania Human Relations Commission on February 16, 2016;

     b.     Plaintiff received a Notice of Right to Sue from the EEOC dated August 25, 2016;

     c.     This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3.     Plaintiff   Harry Sands, Jr.,  is an individual who resides at 705 McArthur Drive,

Greensburg, PA 15601.

4.      Defendant, Dick's Sporting Goods, Inc.,  is a Delaware corporation with a place of business located at 159 Painter Road, Smithton, PA 15479.

5.      Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

6.      Sands was employed by Defendant from April 3, 2000 until November 18, 2015. Sands last position of  Distribution Supervisor.

7.      In 2008, Sands' was diagnosed with sleep apnea. Soon thereafter, Sands notified Defendant of his  sleep apnea condition by providing it with written documentation from his doctor.

8.      Beginning in 2013, Sands' sleep apnea condition worsened.  Since then, Sands has repeatedly asked Defendant if he can work a different shift because of his sleep apnea condition.

9.      Defendant has always denied Sands requests for accommodation telling him that he was "not a good fit" for a different shift.  In March 2015, Sands asked Defendant if he could be transferred to work the first shift.  Defendant again denied Sands' request, and told him he did not look tired.

10.     Due to Sands' worsening condition, he was scheduled to have his sleep apnea re-evaluated on November 22.  Sands informed Defendant in the beginning of November that he needed to miss work on November 22, 2015 in order to have his sleep apnea condition evaluated.

11.     Defendant fired Sands on November 18, 2015, allegedly because someone saw Sands

sleeping at 5:00 a.m. on his previous shift.

12.     However, Sands did not fall asleep on the job on November 17, 2015.  In fact, at 5:00 a.m on November 17, 2015 he was not even at his desk, because he was checking in an overtime crew.

13.     In addition, other employees have fallen asleep at work and were not fired for doing so.

**Count I**
**Americans with Disabilities Act: Discrimination and Failure to Accommodate**

14.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 as if fully restated herein.

15.     As described above, Plaintiff is an individual with a disability, and Defendant perceived him as having a disability.

16.     Plaintiff was qualified for the Distribution Manager position, and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

17.     Defendant fired Sands because of his actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

18.     Defendant also refused to make reasonable accommodations for Sands' known disability, in violation of 42 U.S.C. § 12112(b)(5)(A).

19.     Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

20.     As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a.     Lost wages and benefits;

b.     Emotional distress, anxiety, humiliation and inconvenience;

c.     Costs and expenses of litigation; and

d.     Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

a.     Back pay and benefits from the time Defendant refused to accommodate him, until the time of trial, with interest;

b.     An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

c.     Either reinstatement or front pay.

d.     Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

e.     Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f.     A reasonable attorneys fee and costs and expenses of litigation; and

g.     Such other legal and equitable relief as the Court deems just and proper.

### Count II
### Americans with Disabilities Act Retaliation

21.     Plaintiff incorporates by reference the allegations in Paragraphs 1-20 as if fully restated herein.

22.     Defendant fired  Sands  in retaliation for requesting a reasonable accommodation

under the ADA, in violation of 42 U.S.C. §12203(b).

23. Defendant's violation of the ADA was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

24. As a direct and proximate result of Defendant's retaliatory actions, Sands has suffered and continues to suffer damages, including not limited to:

     a.    Lost wages and benefits;

     b.    Emotional distress, anxiety, humiliation and inconvenience;

     c.    Costs and expenses of litigation; and

     d.    Attorneys fees.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

     a.    Back pay and benefits from November 18, 2015 until the time of trial, with interest;

     b.    An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

     c.    Either reinstatement or front pay;

     d.    Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

     e.    Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

     f.    A reasonable attorneys fee and costs and expenses of litigation; and

     g.    Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. #54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff